# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TIRON WASHINGTON,<br><br>       Plaintiff,<br>v.<br><br>TIMOTHY CEPRESS, ERIC KUKOWSKI, LORN ANSCHUTZ, DETECTIVE ZELLER, HEIDI NEISEN, NATHANAEL MORENZ, JOHN/JANE DOES, and KENOSHA COUNTY,<br><br>       Defendants. | Case No. 24-CV-153-JPS<br><br>**ORDER** |

  Plaintiff Tiron Washington, an inmate confined at Kenosha County Detention Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights during an illegal search. ECF No. 1. Plaintiff filed an amended complaint, ECF No. 7, prior to this screening order, and the Court will therefore treat it as the operative complaint. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his amended complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 12, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $53.94. ECF No. 5. Plaintiff paid that fee on March 4, 2024.[1] The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE AMENDED COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] Plaintiff paid $84.00 on this date. The Court's instructions below to collect the full filing fee will reflect this payment.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff's allegations revolve around his arrest and detention in Kenosha County. ECF No. 7. Plaintiff alleges that Defendants illegally searched his residence during a homicide investigation. *Id.* at 3. The illegal search allegedly occurred on December 10, 2021. *Id.* Public records show that a criminal complaint was filed against Plaintiff in Kenosha County on December 13, 2021, for First-Degree Intentional Homicide, among other crimes.[2] Public records also show that this criminal case is still pending. The Court will not elaborate on Plaintiff's allegations further since, as discussed below, the Court finds that Plaintiff's case is barred by the *Younger* abstention doctrine.

---

[2] *See State of Wisconsin v. Washington*, Kenosha Cnty. Case No. 2021CF001550, https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CF001550&countyNo=30&index=0&mode=details (last visited Mar. 26, 2024).

**2.3     Analysis**

The *Younger* abstention doctrine prohibits federal judges from intervening in state prosecutions unless there are extraordinary circumstances involved. *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts must abstain from exercising jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Extraordinary circumstances exist only where the danger of irreparable loss is both great and immediate. *Younger*, 401 U.S. at 45.

Federal claims arising from illegal searches, seizures, and detentions involve constitutional issues that a criminal defendant can litigate during the course of the state criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 751 (7th Cir. 2013). Such issues do not present a danger of irreparable and immediate loss, because the criminal defendant can address them during his trial in state court. *See id*. If the criminal defendant loses at trial, he can appeal to a higher state court, such as the Wisconsin Court of Appeals or the Wisconsin Supreme Court, for relief. *Id.* For that reason, federal courts stay civil rights cases pending in federal courts until any state criminal case from which the plaintiff's federal claims may arise is resolved. *Id.*

Plaintiff's claims in this federal case involve his alleged illegal arrest and subsequent detention based on an illegal search. "Resolving the constitutionality of law enforcement's conduct throughout [Plaintiff's] cases would inject this court into Wisconsin's criminal proceedings, offending the principles of equity, comity, and federalism that counsel toward abstention." *Shaw v. County of Milwaukee*, No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. Apr. 4, 2022) Because Plaintiff's state criminal case is not over, there is nothing the federal court can do for him at this time. In

order for this Court to consider Plaintiff's claims, he must complete his underlying criminal cases and then exhaust all of his appellate, or post-conviction, options in state court. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). This Court can consider his constitutional claims only after Plaintiff has litigated his claims to the highest state court.

The Court will accordingly administratively close Plaintiff's case at this time. When Plaintiff has fully litigated his pending state criminal cases through every level of the state system, he may file a motion with this Court, asking to reopen the case. There is no additional fee for filing a motion to reopen. The Court will preserve the original filing date for this case—February 5, 2024—regardless of when Plaintiff files his motion to reopen. Plaintiff must file a motion to reopen this case within ninety days of the conclusion of his state court proceedings; the failure to do so will result in dismissal for the failure to prosecute.

Finally, the Court cautions Plaintiff that if his state-court case results in a conviction, he may not be able to proceed with his claims in this case; the Court would have to later dismiss this case on the merits if a judgment in his favor would imply the invalidity of a state conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY CLOSE** this case; Plaintiff must file a motion to reopen this case within ninety days of the conclusion of his state court

proceedings; the failure to do so will result in dismissal of this case for the failure to prosecute;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $266.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.